UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN CARLOS JARAMILLO HOYOS,

        Petitioner,

vs.

        Case No: 8:07-CV-1879-T-27MAP
        Crim Case No: 8:03-CR-30-T-27MAP

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1), the Government's response in opposition (CV Dkt. 7), and Petitioner's Reply Memorandum (Dkt. 10). After consideration, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1) is DENIED.

### Procedural Background

The underlying charges for which Petitioner was indicted arose from The U.S. Navy's interdiction of a 40 ft. "go fast" boat 700 miles off the coast of South America in an area known for drug trafficking.[1] When interdicted, the go fast was running low in the water with six crew members on board. When approached by a Navy helicopter, the boat took evasive action until disabled by

---

[1] "Coast Guard officials refer to such vessels as 'go-fast' boats because they can travel at high rates of speed, which makes them a favored vehicle for drug and alien smuggling operations." *United States v. Rendon*, 354 F.3d 1320, 1322 n.1 (11th Cir. 2003), *cert. denied*, 541 U.S. 1035 (2004) (quoting *United States v. Tinoco*, 304 F.3d 1088, 1092 (11th Cir. 2002)).

machine gun fire from the helicopter. Ninety-one bales of cocaine were found in the water along the course the go fast followed after being spotted by a Navy plane. The six crew members, including Petitioner, were detained and transported to St. Petersburg, Florida.

Petitioner and his co-defendants were convicted after jury trial of conspiring to possess five kilograms or more of cocaine with intent to distribute while on board a vessel subject to the jurisdiction of the United States (Count One), and possessing with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Count Two) (CR Dkts. 137-142). Petitioner was sentenced to 292 months imprisonment, to be followed by supervised release. (CR Dkt. 172). Petitioner's conviction and sentence were affirmed on appeal (CR Dkt. 255; *United States v. Valencia,* 169 Fed. Appx. 565 (11th Cir. 2006)). The Supreme Court denied certiorari on October 10, 2006. *Hoyos v. United States,* 127 S.Ct. 385 (2006). Petitioner's § 2255 motion is timely.

In his § 2255 petition, Petitioner raises three grounds:

**Ground One:** Denial of effective assistance of counsel during the District Court proceedings.

**Ground Two:** Denial of effective assistance of counsel on direct appeal.

**Ground Three:** Petitioner is entitled to an evidentiary hearing to prove facts supporting his claim.

## Ground One:
## Ineffective assistance of counsel

Petitioner's claim that his attorney was ineffective during the trial proceedings is without merit. Petitioner contends that his attorney (1) "failed to object to written charges going to the jury with terms and instructions not given in open court," (2) failed "to request that the jury be instructed

on the essential elements of each count that 'possession' must be 'while on board' and proven beyond a reasonable doubt," (3) failed to argue "that venue was not proper in the Middle District of Florida," and (4) failed to "argue that the 'bad faith' and 'intentional' destruction of the go-fast boat violated Petitioner's due process right to a fair trial . . ."

Petitioner was represented by an experienced defense attorney who, based on this Court's observations during trial, represented his client zealously and effectively. Petitioner's five co-defendants were likewise represented by experienced defense attorneys, several of whom had represented other clients charged with identical offenses before this Court. Those defense counsel mounted a united defense at trial, including a challenge to subject matter jurisdiction (CR Dkts. 88-91). Petitioner's hindsight criticism of his attorney's representation is not supported by factual allegations or applicable authority. Likewise, Petitioner's vague and conclusory complaints about his attorney's representation do not support a claim of ineffective assistance of counsel. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

As to Petitioner's complaint that his attorney failed to object to the jury instructions, failed to review the instructions, and failed to request an instruction on the essential elements of the charged offenses, the record belies this contention. The Court conducted a jury charge conference during which each proposed instruction, "page by page," was discussed with counsel in the presence of all defendants, who were assisted by an interpreter who had a copy of the instructions being discussed (CR Dkt. 229, pp. 991-1026). Contrary to Petitioner's unsupported contention, it was neither required nor necessary that each instruction be read word for word during the charge conference. Most of the instructions were Eleventh Circuit pattern instructions, which the attorneys were familiar with.

The approved jury instructions were read verbatim to the jury and a copy was provided to the jury for its use during deliberations (CR Dkt. 221, pp. 1196-1213; 1217-18). The jury was correctly instructed on the applicable law, including the essential elements of the charged offenses (CR Dkt. 143). Contrary to Petitioner's contention, the jury instructions expressly charged the jury that the Government was required to prove beyond a reasonable doubt that Defendants possessed the cocaine while on board the vessel (CR Dkt. 143, p. 16; CR Dkt. 221, pp. 1197-98; 1208-10).

Petitioner's claim that his attorney was ineffective for failing to object to venue is likewise without merit. Petitioner's attorney and the other defense counsel challenged subject matter jurisdiction (CR Dkt. 88-1). Further, it is undisputed that Petitioner and his co-defendants first entered the United States in St. Petersburg, in the Middle District of Florida (CR Dkt. 228, pp. 935-36). Accordingly, venue was proper there. 46 U.S.C. App. § 1903(f)(venue in district court at point of entry into United States); *United States v. Tinoco*, 304 F.3d 1088, 1110 n.21 (11th Cir. 2002).

Petitioner's attorney was not ineffective in failing to raise a meritless issue concerning venue. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225 (11th Cir. 2008) (citing *Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001)); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *United States v. Costa*, 691 F.2d 1358, 1363 (11th Cir. 1982).

Lastly, Petitioner contends that his attorney was ineffective in failing to argue that the destruction of the go fast vessel violated his due process rights. Petitioner contends that the vessel was not capable of storing the cocaine and provisions for the crew and its destruction prevented him from establishing that. "In order to show that the loss of evidence by the government constitutes a denial of due process, the defendant must show that the evidence was likely to significantly

contribute to his defense. *United States v. Revolorio-Ramo*, 468 F.3d 771, 774 (11th Cir. 2006), *cert. denied*, 549 U.S. 1259 (2007) (quoting *California v. Trombetta*, 467 U.S. 479, 488 (1984)).

Here, Petitioner's counsel and co-counsel made the very argument Petitioner makes in support of his claim, relying on photographs of the go fast vessel and the observations and descriptions of the go fast vessel by the Navy crew. The photographs and testimony of the Navy crew was sufficiently comparable evidence such that having access to the go fast would not have significantly contributed to Petitioner's defense. Petitioner has not shown that the destruction of the vessel violated his due process rights and therefore counsel was not ineffective in failing to raise the issue. In any event, Petitioner has not shown prejudice from any deficient performance on the part of counsel.

### *No evidence of animus or bad faith destruction of vessel*

The vessel was interdicted approximately 700 miles off the South American coast. It was approximately 40 feet in length and had four 200 h.p. engines and fuel bladders under its deck that contained approximately 400 gallons of fuel. It rode low in the water, appearing to be heavily loaded. It took evasive action when approached by the United States Navy. As the Navy plane passed over the vessel, the Navy crew members saw bales in the water behind the go fast vessel as it made way. There were no bales in front of the vessel or any other boats in the area.

A helicopter was dispatched to stop the vessel. The go fast vessel stopped only after its engines were disabled with machine gun fire. A GPS device was found on board, programmed with various way points at intervals of 250 to 350 nautical miles. The GPS revealed that the vessel had traveled along those way points from Columbia. Ninety-one bales of cocaine were retrieved from the water. After concluding its investigation, the Navy scuttled the vessel as a navigational hazard

(CR Dkt. 225, p. 459).

Considering that the vessel was 700 miles off the coast of Columbia when interdicted and that its engines had been disabled, there was certainly a plausible explanation consistent with good faith for its destruction as a navigational hazard. Its destruction was consistent with the practices of the United States Coast Guard and Navy in drug interdictions on the high seas. *See United States v. Alegria,* 144 Fed. Appx. 801, 803 (11th Cir. 2005); *United States v. Rendon,* 354 F.3d at 1323. Petitioner points to nothing indicating official animus or that the vessel's destruction was a conscious effort to suppress exculpatory evidence. *California v. Trombetta,* 467 U.S. at 488 (no due process violation where record contains no allegation of official animus towards respondents or of a conscious effort to suppress exculpatory evidence).

Assuming some exculpatory value in the vessel, absent a proffer of official bad faith on the part of the Naval personnel who ordered it to be scuttled, no due process violation can be demonstrated. *United States v. Revolorio-Ramo,* 468 F.3d at 774 ("[F]ailure to preserve this 'potentially useful evidence' does not violate the due process clause 'unless a criminal defendant can show bad faith on the part of the police.'" (citing *Illinois v. Fisher,* 540 U.S. 544, 547-48 (2004), (quoting *Arizona v. Youngblood,* 488 U.S. 51, 58 (1988)).

### *Comparable evidence was available*

The Government introduced numerous photographs of the go fast boat, a video of it as it was pursued, and photographs of various aspects of the boat and its contents (CR Dkt. 224, pp. 79, 81, 84, 90, 92, 162, 164, 167, 170; CR Dkt. 225, pp. 246, 250, 296, 381, 379; CR Dkt. 226, pp. 474, 585). Defense counsel cross examined the Naval personnel about their observations of the go fast boat and its contents, confirming that it carried a number of 55 gallon drums of fuel and personal

belongings, referencing photographs of the vessel (CR Dkt. 225, pp. 411-461). Petitioner's counsel in particular used photographs of the seized cocaine in his cross examination of the boarding officer to establish the dimensions of the 91 bales of cocaine (CR Dkt. 225, p. 452).

During closing arguments, the defense attorneys argued that it was "physically impossible" for the 91 bales to have been stored in the bow of the boat, considering the water, food, fuel, and crew members on board (CR Dkt. 229, p. 1096). In support of their contention that the Government had not proven possession beyond a reasonable doubt, defense counsel used the Government's photographs to argue that it was not possible for the crew to have jettisoned the bales of cocaine from under the bow without the Navy plane's crew seeing that (CR Dkt. 229, pp. 1097-98). Petitioner's counsel in particular argued that the Government's theory that the crew jettisoned the cocaine while underway in 20 to 25 minutes was not reasonable, considering the number of bales (CR Dkt. 229, pp. 1150-1153). Counsel and the other defense attorneys pointed out that there were no photographs of the cargo area of the vessel or supplies on board, which would have enabled the jury to determine whether the bales could have fit in the cargo area, suggesting the Government had not proven its case beyond a reasonable doubt (CR Dkt. 229, pp. 1100, 1149, 1113, 1164). The destruction of the vessel was questioned. (Id at 1164).

The opportunity to cross examine the Naval personnel and the photographic evidence constituted comparable evidence, obviating any alleged due process violation. *See United States v. Revolorio-Ramo*, 468 F.3d at 775. Accordingly, Petitioner does not meet the requisite standard of materiality for a constitutional violation. *California v. Trombetta*, 467 U.S. at 489.

### *No deficient performance or prejudice shown*

A due process challenge of the indictment based on the destruction of the go fast boat would

not have been successful. Counsel was not, therefore, ineffective in failing to challenge whether its destruction constituted bad faith. In any event, Petitioner has not established prejudice resulting from counsel's failure to challenge the indictment on due process grounds. Petitioner has not shown that his attorney's trial and pre-trial representation was deficient, or that any deficient conduct prejudiced him.

In order to demonstrate ineffective assistance of counsel, Petitioner must meet the test established by *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must show that counsel's performance was deficient, that is, he made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. It must also be shown that any deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) (citing *Strickland*, 466 U.S. at 687). If the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. *Chandler v. United States*, 218 F.3d 1305, 1314-15 n.15 (11th Cir. 2000).

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d at 1314. Counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 1314 (quoting *Strickland v. Washington*, 466 U.S. at 689). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). As counsel's trial strategy is presumptively

reasonable, the determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act." Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Chandler*, 218 F.3d at 1314-15.

With respect to the destruction of the go fast boat, Petitioner's criticism of counsel's representation is nothing more than hindsight disagreement with counsel's unsuccessful trial strategy. Apparently realizing that a due process challenge to the destruction of the boat would be unsuccessful under Circuit precedent, counsel focused on the size and dimensions of the 91 bales of cocaine and the lack of photographs of the cargo area of the go fast to challenge the Government's contention that the 91 bales had been stored on the go fast. Counsel's cross examination and argument evidences a trial strategy shared by his five co-counsel, thereby demonstrating that his strategy was indeed one that reasonable defense attorneys would use.

Even if counsel's performance was in some manner deficient, Petitioner has not shown prejudice resulting from any alleged deficient performance. Where, as here, Petitioner is unable to establish either prong of the *Strickland* analysis, his claim must be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

### Ground Two:
### Ineffective assistance of appellate counsel

Petitioner contends that his appellate counsel was ineffective "for failing to argue on appeal issues one through four," referring to the four contentions Petitioner made in Ground One. *Strickland* governs claims of ineffective assistance by appellate counsel. *See Duest v. Singletary*, 967 F.2d 472, 477 n.4 (11th Cir. 1992) (*vacated on other grounds*). To prevail on his claim, Petitioner must show that appellate counsel was objectively unreasonable in not raising the four

issues he contends should have been raised. *Smith v. Robbins*, 528 U.S. 259 (2000). Since none of those contentions have arguable merit, counsel was not ineffective in failing to pursue them on appeal. Even if one or more of the issues can be said to be non-frivolous, counsel was not ineffective in failing to raise them.

Petitioner's counsel raised three issues on appeal, including the sufficiency of the evidence (CV Dkt. 7-1). The decision to raise those issues and omit others is presumed to have been reasonable professional judgment. Appellate counsel who files a merits brief need not raise every nonfrivolous claim. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The exercise of judgment involved in framing an appeal make it "difficult to demonstrate that (appellate) counsel was incompetent" under *Strickland* for omitting a particular argument. *Smith v. Robbins*, 528 U.S. at 285-86 (citing *Gray v. Greer*, 800 F. 2d 644, 646 (7th Cir. 1986)). Appellate counsel may therefore "winnow" out weaker issues and focus on those more likely to prevail. *Smith v. Murray*, 477 U.S. 527, 536 (1986). Weeding out weak issues is the "hallmark of effective advocacy." *Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir.), *cert. denied*, 502 U.S. 835 (1991).

Petitioner does not demonstrate that appellate counsel was objectively unreasonable for failing to raise those issues on appeal.

### Ground Three:
### Entitlement to an Evidentiary Hearing

In Ground Three, Petitioner contends that he is entitled to an evidentiary hearing. There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1) is DENIED. All pending motions are DENIED as moot. The Clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in Tampa, this 26th day of April, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record